IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>SCOTTY'S HOLDINGS, LLC, et. al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-09243-JJG-11<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING
THE DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING,
AND (II) GRANTING RELATED RELIEF**

In support of her Objection (the "Objection") to the Debtors' Motion for an Order (i) Authorizing the Debtors to Obtain Secured Post-Petition Financing, and (ii) Granting Related Relief (the "Financing Motion"), Nancy J. Gargula, the United States Trustee for Region 10 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

1.　This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

---

[1] The Debtors include *Scotty's Holdings, LLC*, Case No. 18-09243-JJG-11 (the "Lead Case"); *A Pots & Pans Production, LLC*, Case No. 18-09244-JJG-11; *Scotty's Thr3e Wise Men Brewing Company, LLC*, Case No. 18-09245-JJG-11; *Scotty's Brewhouse, LLC*, Case No. 18-09246-JJG-11; *Scotty's Brewhouse Bloomington, LLC*, Case No. 18-09248-JJG-11; *Scotty's Brewhouse West Lafayette, LLC*, Case No. 18-09250-JJG-11; *Scotty's Indianapolis, LLC*, Case No. 18-09251-JJG-11; *Scotty's Brewhouse Downtown Indianapolis*, Case No. 18-09252-JJG-11; *Scotty's Brewhouse Mishawaka, LLC*, Case No. 18-09253-JJG-11; *Scotty's Brewhouse Fort Wayne*, LLC, Case No. 18-09255-JJG-11; *Scotty's Brewhouse Carmel, LLC*, Case No. 18-09256-JJG-11; *Scotty's Brewhouse Butler, LLC*, Case No.18-09257-JJG-11; and *Scotty's Brewhouse Waco, LLC*, Case No. 18-09258-JJG-11 (collectively the "Debtors", excluding the Lead Case, the "Member Cases", and individually a "Debtor").

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See U.S. Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4. On December 11, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. An official committee of creditors has not yet been appointed in any of the Debtors' cases.

6. The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On December 12, 2018, the Debtors filed their motion to jointly administer the Debtors' cases in the Lead Case (Docket #3). The Court granted the motion and the Debtors' cases are being jointly administered (Docket #s 44-55).

8. On December 27, 2018, the Debtors filed their Financing Motion (Docket #89).

9. Objections to the Financing Motion are due on or before January 14, 2019 (Docket #91), and therefore this Objection is timely filed.

10. To date, no bankruptcy schedules have been filed in Debtors' cases. Accordingly, it is not entirely clear what the likely universe of claims against the Debtors may be, or what the assets and income of each individual debtor may be.

## ARGUMENT

I. *The Financing Terms Improperly Attempt to Substantively Consolidate the Debtors' Estates*

The Debtors have requested and received permission from the Court to jointly administer the Debtors' cases pursuant to FED.R.BANKR.P. 1015(b). Joint administration does not create substantive legal rights and is merely a procedural device for the ease of case administration. *In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994); *In re Stuery*, 94 B.R. 553 (Bankr. N.D. Ind. 1988). In the Debtors' cases, joint administration allows for the filing of most documents in the Lead Case only but certain matters documents must be filed in the each case, such as claims, schedules, and chapter 11 plans. S.D.Ind B-1015-1(b)(4), (5) and (6). By requiring that certain documents be filed in the Member Cases the Court helps ensure a clear line of demarcation among the various Debtors' bankruptcy estates. Debtors have not sought Court authority

3

to substantively consolidate the Debtors' cases and thereby merge the various Debtors' bankruptcy estates together.

The relief requested in Financing Motion attempts to blur the lines between the various Debtors and, in essence, treats the Debtors' cases as though they have been substantively consolidated. In particular, Scotty's Holdings, LLC ("Borrower") seeks a line of credit to borrow up to $600,000 ("Loan"). Financing Motion, Exhibit 3, page 2 ("Term Sheet"). The Borrower will in turn use the Loan proceeds in accordance with a 13 week budget for the operation of all of the Debtors filed on January 10, 2019 (Docket #112-3) ("Budget"). Financing Motion, page 5, footnote 3; Term Sheet, page 2. However, the proposed Budget aggregates of all of the Debtors' use of the Loan proceeds and it is therefore impossible to determine how the Loan proceeds will be used by each individual Debtor.

Further, the Financing Motion fails to detail how the Borrower and the Debtors will trace Loan proceeds from the Borrower to individual Debtor's cases. Instead, the amount borrowed under the Loan will be jointly and severally guaranteed by every Debtor regardless of each individual Debtor's use, if any, of the Loan proceeds. Term Sheet, page 2. In addition, the Loan will be secured by a lien for the full amount of Loan usage on all assets of every Debtor, regardless of each Debtor's individual use of Loan proceeds. Term Sheet, pages 5-7. Likewise, use of the Loan will create a super-priority administrative claim in every Debtor's case in the full amount of Loan usage

4

regardless of the amount of each individual Debtor's use of the Loan proceeds. Term Sheet, page 5.

The U.S. Trustee understands that pre-bankruptcy the Debtors, in essence, operated as a single economic unit and, while it is unclear from the first day declarations filed in this case, it may well be that pre-petition financing with Huntington Bank was on terms similar to those being proposed here. However, post-bankruptcy filing, this methodology is no longer appropriate. While there is some overlap between Debtors, each Debtor has its own unique combination of assets, creditors, and income production history and potential. Those Debtors financially more sound than others should not be required to guarantee payment to the Lender for funds those Debtors did not use or do not need. Allowing the joint and several liability of the Loan with the accompanying blanket liens and super-priority status may negatively impact the creditors of less insolvent Debtors to the benefit of the creditors of Debtors that are more insolvent by permitting assets to be moved from one estate to another to cover shortfalls, thereby creating a *de facto* substantive consolidation of the Debtors' estates. Admittedly, it is difficult to ascertain who may be the "winners" and the "losers" resulting from the blending of the Debtors' estates because schedules and associated documents have not yet been filed in these cases. Regardless, until the impact on all creditors of each Debtor can be ascertained, the Court should not permit the Loan to be secured or prioritized against any individual Debtor in an amount exceeding that Debtor's use of the Loan proceeds.

II.     *The Debtors No Longer Operating Should Not be Parties to the Loan*

As indicated in the Debtors' First Day Motion to Reject Unexpired Leases filed on December 12, 2018 (Docket #20), and interim Order approving the same (Docket #97) four Debtors[2] ("Closed Debtors") intended to cease operations before January 1, 2019. Assuming the Closed Debtors ceased operations as planned, the Closed Debtors are no longer operating. As such, the Closed Debtors do not need to use funds borrowed from the Loan. If the Closed Debtors do not presently have sufficient money to fund the administrative costs to liquidate their cases in chapter 11, the cases should be converted to chapter 7 for a chapter 7 trustee to liquidate or abandon. Without schedules to indicate what, if any, unencumbered assets the Closed Debtors have, it is impossible to determine if the Closed Debtors' unsecured creditors are likely to receive anything from the liquidation of the those cases however, permitting up to $600,000 in liens to be placed against whatever assets may exist likely decreases significantly any amounts creditors in the Closed Debtors' cases may have otherwise received.

## **CONCLUSION**

Approving the terms in the Financing Motion as written, improperly consolidates the Debtors' estates. Even if the Court concludes that such de facto consolidation is appropriate, the Closed Debtors should not be parties to

---

[2] Debtors Scotty's Brewhouse, LLC (Muncie, Indiana); Scotty's Brewhouse Carmel, LLC (Carmel, Indiana); Scotty's Brewhouse Downtown Indianapolis, LLC (Indianapolis, Indiana), and Scotty's Brewhouse Waco, LLC (Waco, Texas).

6

the financing agreement or its terms. Accordingly, the United States Trustee requests that the Court deny the Financing Motion or, in the alternative, approve the Financing Motion only if the objectionable terms and the Closed Debtors are stricken from the Loan. In addition, the United States Trustee requests such further relief as is just and proper.

Date: January 10, 2019

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

By: /s/ *Ronald J. Moore*
Ronald J. Moore
Assistant United States Trustee
Office of the United States Trustee
101 W Ohio Street, Room 1000
Indianapolis, IN 46204
(317) 226-6268

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019, a copy of the foregoing UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING, AND (II) GRANTING RELATED RELIEF was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Courts system.

John Joseph Allman jallman@hbkfirm.com, dadams@hbkfirm.com

Daniel D. Bobilya dan@b-blegal.com, sarah@b-blegal.com

Jason R. Burke jburke@bbrlawpc.com, kellis@bbrlawpc.com

John Cannizzaro john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com

Deborah Caruso dcaruso@rubin-levin.net, dwright@rubin-levin.net, jkrichbaum@rubin-levin.net, atty_dcaruso@bluestylus.com

Aaron E. Davis Aaron.Davis@bclplaw.com, kathryn.farris@bclplaw.com, chdocketing@bclplaw.com

Lucy Renee Dollens lucy.dollens@quarles.com, paul.sanders@quarles.com, DocketIN@quarles.com, kelly.webster@quarles.com

Mary Jean Fassett mjf@mccarronlaw.com

Isaac M Gabriel isaac.gabriel@quarles.com, sybil.aytch@quarles.com, elizabeth.fella@quarles.com

Craig Solomon Ganz ganzc@ballardspahr.com

Christopher C. Hagenow chagenow@bbrlawpc.com, kellis@bbrlawpc.com

Jeffrey M. Hester jhester@hbkfirm.com, mhetser@hbkfirm.com

Jeffrey A. Hokanson jeff.hokanson@icemiller.com, Kathy.peed@icemiller.com

John R. Humphrey jhumphrey@taftlaw.com, aolave@taftlaw.com

Frederick Hyman fhyman@mayerbrown.com

Brent E. Inabnit brenti@sni-law.com

Anthony R. Jost tjost@rbelaw.com, baldous@rbelaw.com, tbutton@rbelaw.com

Jay Pearson Kennedy jkennedy@kgrlaw.com, tfroelich@kgrlaw.com, srosner@kgrlaw.com, jli@kgrlaw.com

Steven M. Lutz Lutz@cchalaw.com

John Michael Mead jmead@indylegal.net, cweaver@indylegal.net

Harley K. Means hkm@kgrlaw.com, kwhigham@kgrlaw.com, cjs@kgrlaw.com, tjf@kgrlaw.com

Amanda Koziura Quick amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov

Harrison Edward Strauss harrison.strauss@usdoj.gov, Lora.L.Hurlbert@USDOJ.GOV

Meredith R. Theisen mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com, mralph@rubin-levin.net

    I further certify that on January 10, 2019, a copy of the foregoing UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING, AND (II) GRANTING RELATED RELIEF was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Scotty's Brewhouse Butler, LLC
3855 E. 96th St
Suite J
Indianapolis, IN 46240

Scotty's Brewhouse Downtown Indianapolis, LLC
3855 E. 96th Street, Suite J
Indianapolis, IN 46240

                                  /s/ Ronald J. Moore
                                  Ronald J. Moore