UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Scotty's Holdings, LLC,[1] | ) | Case No. 18-09243-JJG-11 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**CREDITOR PRECEDENT CO-INVESTOR, LLC'S LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING, AND (II) GRANTING RELATED RELIEF**

Creditor Precedent Co-Investor, LLC ("Precedent") hereby responds to the Debtors' Motion for an Order (I) Authorizing the Debtors to Obtain Secured Post-Petition Financing, and (II) Granting Related Relief (the "Motion") as follows:

1. Precedent is the landlord for Debtor Scotty's Indianapolis LLC ("Debtor") pursuant to an unexpired lease agreement dated April 7, 2006, as amended (the "Lease Agreement"), between the Debtor and PP Indianapolis III Project Corporation, Precedent's predecessor in interest, for real property located at 3905 E. 96th Street, Indianapolis, Indiana.

2. Under the Lease Agreement, Debtor is obligated to make ongoing rent payments to Precedent. Debtor remains in possession of the premises and has not yet assumed or rejected the Lease Agreement.

3. Section 365(d)(3) absolutely mandates the Debtor to timely make all post-petition, pre-rejection rent payments to Precedent. In the event the Debtor violates the

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11; A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scott's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

mandate of section 365(d)(3), Precedent is entitled to a de-facto administrative claim for any such rent that is not paid. *Paul Harris Stores, Inc. v. Mabel L. Slater Realty Tr.*, 148 B.R. 307, 314 (S.D.Ind.1992); *In re Telesphere Commc'ns, Inc.*, 148 B.R. 525, 531 (Bankr. N.D. Ill. 1992). That claim is entitled to super-priority over other administrative claims. *Telesphere Commc'ns, Inc.*, 148 B.R. at 525.

4. To date, and in addition to its claim for pre-petition rent and other charges in the sum of $73,482.96, Precedent has not been paid its claim for stub rent and other charges due for the period from the Petition Date through December 31, 2018, which amounts to $20,432.35. Though received late, January rent has been paid.

5. In their Motion, the Debtors seek an order approving on a final basis post-petition financing provided by Sase Kosan, K.K and any additional lender that provides a commitment to participate in the proposed DIP Facility (capitalized terms used herein shall have the same meaning as in the Motion).

6. Subject to a Carve-Out for certain professional fees and expenses, the Motion asks the Court to grant the DIP Lenders an administrative claim "with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113 and 1114 (the "Superpriority Claims"); provided, however, that to the extent that the Bankruptcy Court grants a priority claim in respect of the diminution in value of the collateral secured by the PrePetition Credit Facilities, such claim may be pari passu with the Superpriority Claim." *See* Exhibit 3 to the Motion at p. 5.

7. Precedent objects to the Motion to the extent it attempts to (1) relieve the Debtor of its obligation to timely make post-petition rent payments or (2) grant the DIP

Lenders a claim with priority over any super-priority claim Precedent may be entitled to assert. Nothing in section 364 permits Debtor to avoid its obligations under section 365(d)(3). The relief requested in the Motion is thus contrary to the express provisions of the Bankruptcy Code.

8. If the Court grants the Motion, any such order should expressly state that Debtor is not relieved from its obligation to pay ongoing post-petition, pre-rejection rent, and that the DIP Lenders' claim remains junior to any super-priority administrative claim Precedent would be entitled to assert should post-petition rent not be paid.

9. Alternatively, Precedent would not oppose the inclusion of any claim it may have for unpaid post-petition, pre-rejection rent in the Carve-Out, which would have essentially the same effect and thus would not violate section 365(d)(3).

WHEREFORE, Precedent objects to the Debtors' Motion and requests the relief proposed in paragraphs 8 and 9 hereof, or their equivalent, and for all other relief appropriate under the circumstances.

Respectfully submitted,

/s/ John C. Cannizzaro
**ICE MILLER LLP**
John C. Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215-7509
Telephone: (614) 462-1070
john.cannizzaro@icemiller.com

Jeffrey A. Hokanson
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
jeff.hokanson@icemiller.com

*Counsel for Precedent Co-Investor, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

John Joseph Allman     jallman@hbkfirm.com, dadams@hbkfirm.com
Daniel D. Bobilya     dan@b-blegal.com, sarah@b-blegal.com
Jason R Burke     jburke@bbrlawpc.com, kellis@bbrlawpc.com
John Cannizzaro     john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
E. Davis Coots     kcarlisle@chwlaw.com, kcarlisle@chwlaw.com
Aaron E. Davis     Aaron.Davis@bclplaw.com, kathryn.farris@bclplaw.com;chdocketing@bclplaw.com
Lucy Renee Dollens     lucy.dollens@quarles.com, paul.sanders@quarles.com;DocketIN@quarles.com;kelly.webster@quarles.com
Mary Jean Fassett     mjf@mccarronlaw.com
Isaac M Gabriel     isaac.gabriel@quarles.com, sybil.aytch@quarles.com;kelly.webster@quarles.com;elizabeth.fella@quarles.com
Craig Solomon Ganz     ganzc@ballardspahr.com
Christopher C Hagenow     chagenow@bbrlawpc.com, kellis@bbrlawpc.com
Jeffrey M. Hester     jhester@hbkfirm.com, mhetser@hbkfirm.com
Jeffrey A Hokanson     jeff.hokanson@icemiller.com, Kathy.peed@icemiller.com
John R. Humphrey     jhumphrey@taftlaw.com, aolave@taftlaw.com
Frederick Hyman     fhyman@mayerbrown.com
Brent E. Inabnit     brenti@sni-law.com
Anthony R. Jost     tjost@rbelaw.com, baldous@rbelaw.com;tbutton@rbelaw.com
Jay Pearson Kennedy     jkennedy@kgrlaw.com, tfroelich@kgrlaw.com;srosner@kgrlaw.com;jli@kgrlaw.com
Steven M. Lutz     Lutz@cchalaw.com
John Michael Mead     jmead@indylegal.net, cweaver@indylegal.net
Harley K Means     hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com;tjf@kgrlaw.com
Ronald J. Moore     Ronald.Moore@usdoj.gov
Amanda Koziura Quick     amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov
Harrison Edward Strauss     harrison.strauss@usdoj.gov, Lora.L.Hurlbert@USDOJ.GOV
Meredith R. Theisen     mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov

/s/ *John C. Cannizzaro*
John C. Cannizzaro