# UNITED STATES BANKRUPTCY COURT
## for the
### Southern District of Indiana

In re:                                    )    Case No. 18-09243-JJG-11
                                          )
    SCOTTY'S HOLDINGS, LLC,           )
                                          )
    Debtor(s)[1].                      )

### CREDITOR CPC BUILDING A, LLC'S LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING AND (II) GRANTING RELATED RELIEF

Creditor CPC Building A, LLC ("CPC") hereby responds to Debtors' Motion for an Order (I) Authorizing the Debtors to Obtain Secured Post-Petition Financing and (II) Granting Related Relief (the "Motion") as follows:

1. CPC is the landlord for Debtor Scotty's Fort Wayne, LLC ("Debtor") pursuant to an unexpired lease agreement dated March 26, 2014 (the "Lease Agreement"), between the Debtor and CPC for real property located at 6284 W. Jefferson Boulevard, Fort Wayne, Indiana.

2. Under the Lease Agreement, Debtor is obligated to make ongoing rent payments to CPC. Debtor remains in possession of the premises and has not yet assumed or rejected the Lease Agreement.

3. Section 365(d)(3) absolutely mandates the Debtor to timely make all post-petition, pre-rejection rent payments to CPC. In the event the Debtor violates the mandate of Section

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11 (the "Lead Case"); A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scotty's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

365(d)(3), CPC is entitled to a de facto administrative claim for any such rent that is not paid. *Paul Harris Stores, Inc. v. Mabel L. Slater Realty Tr.*, 148 B.R. 307, 314 (S.D. Ind. 1992); *In re Telesphere Commc'ns, Inc.*, 148 B.R. 525, 531 (Bankr. N.D. Ill. 1992). That claim is entitled to super-priority over other administrative claims. *Telesphere Commc'ns, Inc.*, 148 B.R. at 525.

4. To date, and in addition to its claim for pre-petition rent and other charges in the sum of $54,689.77, CPC has not been paid for rent and other charges due for the period from the Petition Date through the current date, which totals $16,642.76, absent late fees.

5. In their Motion, the Debtors seek an Order approving on a final basis post-petition financing provided by Sase Kosan, K. K., and any additional lender that provides a commitment to participate in the proposed DIP Facility.

6. Subject to a Carve-Out for certain professional fees and expenses, the Motion asks the Court to grant the DIP Lenders an administrative claim "with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code Sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113 and 1114 (the "Superpriority Claims"); provided, however, that to the extent that the Bankruptcy Court grants a priority claim in respect of the diminution in value of the collateral secured by the PrePetition Credit Facilities, such claim may be pari passu with the Superpriority Claim." See Exhibit 3 to the Motion at p. 5.

7. CPC objects to the Motion to the extent is attempts to (1) relieve the Debtor of its objection to timely make post-petition rent payments or (2) grant the DIP Lenders a claim with priority over any super-priority claim CPC may be entitled to assert. Nothing in Section 364 permits Debtor to avoid its obligations under Section 365(d)(3). The relief requested in the Motion is thus contrary to the express provisions of the Bankruptcy Code.

8. If the Court grants the Motion, any such Order should expressly state that Debtor is not relieved from its obligation to pay ongoing post-petition, pre-rejection rent, and that the DIP Lenders' claim remains junior to any super-priority administrative claim CPC would be entitled to assert should post-petition rent not be paid.

9. Alternatively, CPC would not oppose the inclusion of any claim it may have for unpaid post-petition, pre-rejection rent in the Carve-Out, which would have essentially the same effect and thus would not violate Section 365(d)(3).

WHEREFORE, CPC objects to the Debtors' Motion and requests the relief proposed in paragraphs 8 and 9 hereof, or their equivalent, and for all other relief appropriate under the circumstances.

Date: January 15, 2019

Respectfully submitted,

LEEUW OBERLIES & CAMPBELL, P.C.

By:  /s/ John M. Mead
John M. Mead
320 North Meridian Street, Suite 1006
Indianapolis, IN 46204
Telephone: 317-684-6960
jmead@indylegal.net
ATTORNEYS FOR CPC BUILDING A, LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was filed electronically on the 15th day of January, 2019. Notice of this filing will be sent to all parties of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ John M. Mead*
John M. Mead

John M. Mead
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street, Suite 1006
Indianapolis, IN 46204
Telephone: 317-684-6960
Facsimile: 317-684-6961
jmead@indylegal.net