**SO ORDERED: January 30, 2019.**



Jeffrey J. Graham
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTTY'S HOLDINGS, LLC, | ) | Case No. 18-09243-JJG-11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtor(s).[1] | ) | |

## ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

Upon the motion (the **"Motion"**; capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion) of the above-captioned debtors and debtors-in-possession (collectively, the **"Debtors"**) for entry of an order approving the notice, case management, and administrative procedures attached hereto as

---

[1]  The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11; A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scotty's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

**Exhibit 1** (the "**Case Management Procedures**"), as more fully set forth in the Motion; and upon the record of the hearing on the Motion, at which hearing the Court requested certain revisions to the procedures originally submitted by the Debtors, which revisions are reflected in this Order and the attached Case Management Procedures; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and S.D.Ind. L.R. 83-8(a) of the United States District Court for the Southern District of Indiana; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that sufficient notice of the Motion and of the hearing thereon has been given to all entities entitled thereto and that no other notice is required; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    The Case Management Procedures are approved and will govern in the captioned chapter 11 cases.

3.    Notwithstanding the foregoing, all of the following apply in these chapter 11 cases, ***except*** to the extent that they are inconsistent with or altered by the Case Management Procedures: (a) the United States Bankruptcy Code (11 U.S.C. sections 101 *et seq.*) (the "**Bankruptcy Code**"); (b) the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); (c) the Local Rules of the United States Bankruptcy Court for the Southern District of

Indiana (the "**Local Rules**"); and (d) the *Administrative Policies and Procedures Manual for Electronic Case Filing (Attorney Edition)* effective January 1, 2010 (the "**CM/ECF Procedures**"), all of the above as amended from time to time and as supplemented by any applicable general orders or administrative orders or procedures entered or approved in this District.

      4.     JND Corporate Restructuring (now known as Stretto), the Debtors' claims, noticing, and balloting agent, is authorized to establish a case website available at https://www.jndla.com/cases/ scottysholdings, where, among other things, electronic copies of all Court Filings (as defined in the Case Management Procedures) filed in these chapter 11 cases will be posted and may be viewed free of charge.

      5.     Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

###

**<u>Exhibit 1</u>**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTTY'S HOLDINGS, LLC, | ) | Case No. 18-09243-JJG-11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtor(s).[1] | ) | |

## CASE MANAGEMENT PROCEDURES

These notice, case management, and administrative procedures (these "**Case**

**Management Procedures**") have been approved by the United States Bankruptcy Court for the

Southern District of Indiana (the "**Court**") for the chapter 11 cases (the "**Cases**") of the above-

captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to the

*Debtors' Motion for Entry of an Order Approving Certain Notice, Case Management, and*

*Administrative Procedures* (the "**Motion**").

The Court has entered an order (the "**Order**") approving these Case Management

Procedures.  Anyone may obtain a copy of the Order and these Case Management Procedures, as

well as any document filed with the Court in these Cases, (a) at no charge (i) from the dedicated

website for the Cases maintained by the Claims & Noticing Agent (as defined below) at

https://www.jndla.com/ cases/scottysholdings or (ii) by contacting the Claims & Noticing Agent

(as defined below) directly by phone at 1-855-812-6112 or by e-mail at scottysinfo@jndla.com

---

[1]  The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11; A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scotty's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

or (b) for a fee, from the Court's web site at www.insb.uscourts.gov (this is a fee-for-service web site, which requires a password issued by the Public Access to Court Electronic Records (PACER) Service Center at www.pacer.gov).

## CERTAIN DEFINITIONS

For the purpose of these Case Management Procedures, the following definitions apply; other terms are defined as they arise in these Case Management Procedures. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the CM/ECF Procedures, as applicable.

"*Applicable Hearing*" means the hearing set for a particular matter and includes Omnibus Hearings, Off-Omnibus Hearings, and Emergency Hearings, as applicable.

"*Case Website*" means the dedicated website for the Cases maintained by the Claims & Noticing Agent at https://www.jndla.com/cases/scottysholdings.

"*Claims & Noticing Agent*" means JND Corporate Restructuring (now known as Stretto) or any entity appointed by the Court to replace it.

"*Court*" means the United States Bankruptcy Court for the Southern District of Indiana, located at 46 East Ohio Street, Indianapolis, Indiana 46204; unless otherwise noticed, all hearings, including Omnibus Hearings, are held in Courtroom 311 at that address.

"*Court Filings*" means Requests for Relief, Objections, Replies, and any other documents filed with the Court.

"*Objections*" means all objections and other responses to Requests for Relief, as well as all briefs, memoranda, affidavits, declarations and other documents filed in support of or in connection with such objections or other responses.

"***Replies***" means all replies and other responses to Objections, as well as all briefs, memoranda, affidavits, declarations and other documents filed in support of or in connection with such papers.

"***Request for Relief***" means all notices, motions, applications, and other requests for relief, as well as all briefs, memoranda, affidavits, declarations and other documents filed in support of or in connection with such papers seeking relief.

### A.   OMNIBUS HEARINGS AND HEARING PROCEDURES

1.   **All Matters to Be Heard at Omnibus Hearings**.  The Court will schedule periodic omnibus hearings (each, an "**Omnibus Hearing**") to consider all Court Filings in these Cases.  Unless otherwise ordered by the Court, all matters – including Requests for Relief and related Objections and Replies – shall be heard or otherwise considered only at Omnibus Hearings.

2.   **Current Omnibus Hearings**.  A list of all currently scheduled Omnibus Hearings will be maintained on the Case Website.  The next Omnibus Hearings in the Cases will be held on the following dates and times at the Court:

   (a)   February 25, 2019, at 1:30 p.m. Eastern Time;

   (b)   March 18, 2019, at 1:30 p.m. Eastern Time;

   (c)   April 24, 2019, at 1:30 p.m. Eastern Time; and

   (d)   May 6, 2019, at 1:30 p.m. Eastern Time.

3.   **Future Omnibus Hearings**.  At or before the last scheduled Omnibus Hearing set by the Court, the Debtors will request, and the Court will schedule, additional Omnibus Hearings.  The Debtors may request such additional Omnibus Hearings by contacting chambers, without providing notice to any entity.  The Court will enter appropriate orders on the docket of

the Cases setting dates and times for additional Omnibus Hearings, and the Claims & Noticing Agent will post the dates and times of all additional Omnibus Hearings on the Case Website.

4.    **Scheduling Requests for Relief for an Omnibus Hearing; Adjournments**.

(a)    Any party filing a Request for Relief may notice such Request for Relief for the next Omnibus Hearing that is at least fourteen (14) calendar days after the date of service of the Hearing Notice (as defined herein) regarding such Request for Relief (the "**Minimum Required Notice**"), without further order of the Court or consultation with any party (and without adding any additional time that would otherwise be required under Bankruptcy Rule 9006(f)).

(b)    Unless otherwise ordered by the Court, any Request for Relief or other matter that purports to be set for a hearing (i) on a date or time at which no Omnibus Hearing is scheduled or (ii) on a date or time that does not provide at least the Minimum Required Notice, shall automatically be set, without further order of the Court, for hearing at the next Omnibus Hearing that provides at least the Minimum Required Notice for such Request for Relief.

(c)    Any matter may be adjourned or continued to a subsequent scheduled Omnibus Hearing, without further order of Court, upon agreement among Debtors' counsel and any Affected Party (as defined below).

5.    **Emergency Hearings/Off-Omnibus Hearings**.

(a)    A party seeking a hearing on less than the Minimum Required Notice (such hearing, an "**Emergency Hearing**") must seek such Emergency

4

Hearing by filing a separate motion pursuant to Local Rule B-9006-1. Any such motion must expressly set forth the reasons that an Emergency Hearing is necessary.  At any Emergency Hearing, the Court shall first consider the propriety of emergency treatment, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard.

(b)     A party (the "**Requesting Party**") seeking a hearing with at least the Minimum Required Notice, but at a date or time at which no Omnibus Hearing is scheduled (an "**Off-Omnibus Hearing**"), may do so as follows:

(i)     The Requesting Party must file a motion with the Court seeking an Off-Omnibus Hearing and serve such motion on the Core Parties List (as defined herein).  Such a motion must (A) state the proposed date and time of the requested Off-Omnibus Hearing; (B) state the proposed deadline for filing Objections to any Request for Relief or other matter noticed for such Off-Omnibus Hearing, and (C) explain why the Requesting Party seeks an Off-Omnibus Hearing.

(ii)    If all of the members of the Core Parties List agree to the request for an Off-Omnibus Hearing, the Requesting Party may so notify chambers via e-mail or telephone.

(iii)    Any member of the Core Parties List that disagrees with the request for an Off-Omnibus Hearing must file an Objection and serve such Objection on the Core Parties List.

(iv)    Regardless of whether clause (ii) or (iii) applies to a given motion by a Requesting Party, the Court may grant or deny such motion in the Court's discretion.

(v)    If the Court grants a request for an Off-Omnibus Hearing, it shall (A) set a date and time for the Off-Omnibus Hearing; (B) set a deadline for filing Objections, and (C) direct the Requesting Party to provide whatever notice the Court deems appropriate.

(c)    Hearings on (i) the adequacy of any disclosure statement filed in the Cases and (ii) confirmation of any plan of reorganization filed in the Cases may be scheduled for an Off-Omnibus Hearing at the request of the Debtors.

6.    **<u>Hearing Agenda</u>**.

(a)    At or before 12:00 noon Eastern Time on the second business day before any Applicable Hearing, the Debtors shall file a document (the "**Proposed Hearing Agenda**") setting forth each matter to be heard at such Applicable Hearing and shall include, to the extent known by Debtors' counsel:

(i)    the title and docket number of each Court Filing scheduled for such Applicable Hearing, including the relevant initial Request for Relief and any Objections, Replies, and other Court Filings related thereto, *provided*, *however*, that the Proposed Hearing Agenda

6

need not list administrative or other non-substantive Court Filings,

such as notices of appearance, motions for admission *pro hac vice*,

and affidavits of service;

(ii) notice of whether a matter is contested or uncontested;

(iii) notice of whether a matter has been settled or is proposed to be

continued;

(iv) the information needed to allow parties to participate

telephonically, pursuant to these Case Management Procedures,

and

(v) other comments that may assist the Court.

(b) Debtors' shall use their reasonable best efforts to amend a Proposed

Hearing Agenda to reflect changes that arose prior to the Applicable

Hearing, including Court Filings made after the filing of the Proposed

Hearing Agenda or the fact that a matter has been settled, withdrawn, or

adjourned.

(c) Each Proposed Hearing Agenda and any amendments thereto shall be

served by the Debtors upon the Service List as authorized by these Case

Management Procedures and shall be posted on the Case Website.

(d) The Proposed Hearing Agenda constitutes a proposal for the convenience

of the Court and is not determinative of the matters to be heard at a given

Applicable Hearing or of whether there will be a settlement, withdrawal,

or adjournment of a given matter or the order in which the Court will

address the matters listed. The Court or the Debtors (with the Court's

permission) may depart from the Proposed Hearing Agenda at the Applicable Hearing.

7. **Telephonic Participation at Hearings**. Unless the Court orders otherwise, any party may participate in any Applicable Hearing by telephone by dialing the Court's conference number, 1-877-848-7030, and entering access code 8891756. Parties participating by telephone should dial in at least ten (10) minutes before the start of the Applicable Hearing. Parties participating by telephone **must** mute their lines when not speaking. Parties participating by telephone **may not** (a) examine or cross-examine witnesses or (b) testify or otherwise offer evidence.

8. **Adversary Proceedings**. Adversary Proceedings and all Court Filings related thereto shall not be governed by these Case Management Procedures.

**B.     FILING, SERVICE, AND NOTICE PROCEDURES; SERVICE LIST**

9. **General Applicability of Case Management Procedures**. Except as otherwise provided herein or ordered by the Court, these Case Management Procedures supersede and replace the notice and service requirements of the Bankruptcy Rules and Local Rules as to all matters, and all Court Filings must be filed with the Court and served in accordance with the notice provisions of these Case Management Procedures.

10. **Exceptions to Applicability of Case Management Procedures**. Notwithstanding the general applicability of these Case Management Procedures, the notice and service requirements of the Bankruptcy Rules, and not these Case Management Procedures, shall apply to the matters and proceedings described in Bankruptcy Rules 2002(a)(1) and (a)(4), 2002(b), and 2002(f)(1), (f)(2), (f)(6), and (f)(8).

11.    **CM/ECF Procedures Apply; Attorneys Must File Electronically**.  The CM/ECF Procedures apply to these Cases.  The CM/ECF Procedures are available at the Court's website at https://www.insb.uscourts.gov.  Among other things, the CM/ECF Procedures require that **all attorneys representing parties in the Cases must make Court Filings electronically**, through the CM/ECF system.  The CM/ECF Procedures describe how attorneys may obtain electronic filing privileges.

12.    **The Master Service List**.  Subject to Paragraph 15(d) of these Case Management Procedures, all Court Filings must be served on the Master Service List; service must be made on counsel for a party unless the identity of such counsel is not known.  The Master Service List comprises (a) the General Service List and (b) any entity with a particularized interest in the subject matter of the Court Filing at issue (any such entity, an "**Affected Party**").

13.    **The General Service List**:  The General Service List comprises the Core Parties List and the 2002 List, as follows:

(a)    **Core Parties List**: The following entities constitute the Core Parties List:

(i)    general and special counsel for the Debtors;

(ii)    counsel for any statutory committees appointed in the Debtors' cases;

(iii)    if, and only if, no statutory creditors' committee has been appointed, then, the parties holding the twenty largest unsecured claims against the Debtors on a consolidated basis, or their counsel, if known;

(iv)    counsel for the administrative agent under the Debtors' postpetition credit facility;

(v)    counsel for The Huntington National Bank;

(vi)    counsel for Rewards Network Establishment Services Inc.; and

(vii)    the Office of the United States Trustee.

(b)    **The 2002 List**:  The 2002 List comprises all entities that have filed either (1) a "request for notice" or similar paper under Bankruptcy Rule 2002, as described in Local Rule B-2002-1(a) or (2) an appearance under Local Rule B-9010-1 (for the purposes of these Case Management Procedures, the filings described in clauses (1) and (2) shall be referred to, collectively, as "**Notice Requests**").  The following procedures apply to Notice Requests:

(i)    **Information Required to Receive Service of Court Filings**.  A Notice Request filed with the Court by an entity shall be deemed proper if, and *only if*, it: (A) provides an address at which documents filed with the Court by the Debtors may be served by e-mail by the Debtors, unless the Notice Request contains the No Electronic Mail Certification described below; (B) provides an address at which all documents filed with the Court and served by any entity may be served by (I) U.S. mail, (II) hand delivery, (III) overnight delivery, and/or (IV) facsimile; (C) provides the telephone number of each entity filing the Notice Request, and (D) specifies the entity's counsel primarily responsible for matters

10

before the Court.  A Notice Request need not be in the form of a motion accompanied by a draft order, nor must the Notice Request allege facts justifying the added expense to parties that is caused by expanding the notice list.

(ii)    **Notice Requests Require E-mail Address**. Any Notice Request filed after the date of the entry of these Case Management Procedures shall be deemed insufficient unless such Notice Request complies with the procedures set forth herein (including, without limitation, the requirement that all Notice Requests must include an e-mail address to receive notice), unless accompanied by the No Electronic Mail Certification described below.

(iii)    **Certification Required to Opt Out of E-mail Service**. Any individual or entity filing a Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and therefore cannot receive service by e-mail must include in the Notice Request a certification to that effect (the "**No Electronic Mail Certification**"). The Certification shall include a statement certifying that the individual or entity (A) does not maintain an e-mail address and (B) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

(iv)    **Opportunity to Cure Insufficient Notice Request**.  If a Notice Request fails to include either an e-mail address or the No Electronic Mail Certification, the Debtors shall forward a copy of

11

the Case Management Procedures to the party that filed such Notice Request within five (5) business days after such Notice Request was filed and ask that the party provide an e-mail address or a No Electronic Mail Certification. If the party does not do so within five (5) business days thereafter, that party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

(v) **Updating Information in Notice Requests**. It is the responsibility of each party submitting a Notice Request to file an updated Notice Request as necessary to reflect changes to the information required to be included in such Notice Request. No entity will be removed from the 2002 List prior to the filing of a document by the person or entity requesting such removal or the Court entering an order directing such removal.

(vi) **Notice Requests Filed Through Court's CM/ECF System**. A Notice Request filed electronically through the Court's CM/ECF System shall be deemed to comply with the procedures set forth in this Paragraph 13(b).

14.   **Maintaining the General Service List**. The Claims & Noticing Agent shall maintain the General Service List and update it as often as is practicable, but in no event less frequently than every thirty (30) days. The General Service List and each update thereof shall be filed with the Court and posted on the Case Website.

12

15. **Notice and Service of Requests for Relief, Objections, Replies, and Orders**

(a) **Notice of Request for Relief**.  Any entity filing a Request for Relief shall prepare a notice of the hearing on such Request for Relief (a "**Hearing Notice**") that complies with the procedures set forth herein.

(b) **Requirement of Prior Court Approval of Hearing Notice; Filing of Hearing Notice**.

(i) An entity filing a Request for Relief must submit a form of the proposed Hearing Notice to chambers for review and approval *prior to* filing or serving the Hearing Notice.  The Court may require revisions to any proposed Hearing Notice prior to authorizing it to be filed.

(ii) A Hearing Notice filed without prior Court authorization may be deemed null and void.

(iii) Proposed Hearing Notices should be submitted to chambers via e-mail to Katherine_Elmer@insb.uscourts.gov.  If submission by e-mail is not possible, the submitting party should contact chambers at 317-229-3873.

(iv) Counsel filing a Hearing Notice electronically through the Court's CM/ECF System should do so using the "Hearing Notice" event.

(c) **Contents of Notice of Request for Relief; Satisfaction of Section 342 of the Bankruptcy Code**.

(i) Each Hearing Notice shall conspicuously state: (i) the title of the Request for Relief; (ii) the joint caption of the Cases, including the

13

case number, assigned judge, and, if applicable, the adversary proceeding title and number; (iii) the time and date of any deadline to object thereto (which deadline shall be in accordance with the procedures set forth below); (iv) the Applicable Hearing at which the Request for Relief is set to be considered by the Court; (v) a statement that the relief requested in the Request for Relief may be granted by the Court without a hearing if no Objection thereto is timely filed and served in accordance with these Case Management Procedures, and (vi) that a copy of the Request for Relief may be obtained, free of charge, from the filer of the Hearing Notice or its counsel or from the Case Website at

https://www.jndla.com/cases/scottysholdings.

(ii)     Any notice or other Court Filing served by the Debtors, including a Hearing Notice, shall be deemed to sufficiently comply with the requirements of Bankruptcy Code § 342(c)(1) if it includes (as a footnote or otherwise) the information set forth in Footnote 1 to these Case Management Procedures.

(d)     **Service of Hearing Notices Only**.  Parties on the General Service List shall be served with all Hearing Notices, but shall not be entitled to service of the related Requests for Relief (which Requests for Relief shall be available, free of charge, from the filer of the Hearing Notice or at the Case Website).

14

(e)     **Setting Hearings on Requests for Relief**.  All Requests for Relief will be heard at an Omnibus Hearing pursuant to the procedures set forth herein, unless the Court has set a Request for Relief for an Emergency Hearing or an Off-Omnibus Hearing.

(f)     **Filing and Service of Objections**.  All Objections must be filed with the Court and served on the Master Service List so as to be actually received by the applicable deadline set forth below (as applicable, the "**Objection Deadline**"):

(i)     if the Request for Relief is filed 14 or more days before the Applicable Hearing, then, on the seventh (7th) calendar day before the Applicable Hearing, *provided, however*, that such Objection Deadline may be extended with the consent of the entity filing the Request for Relief to a date and time that is no later than three (3) days before the Applicable Hearing;

(ii)    if the Request for Relief is filed fewer than 14 days before the Applicable Hearing, then, at 12:00 noon Eastern Time on the second (2d) business day immediately prior to the Applicable Hearing; or

(iii)   in any event, as may otherwise be ordered by the Court.

(g)     **Filing and Service of Replies**.  All Replies must be filed with the Court and served only on (i) the Core Parties List and (ii) the party filing the related Objection, on or before 12:00 noon Eastern Time on the first

business day immediately before the Applicable Hearing.  <u>Replies are not mandatory</u>.

(h)     **<u>Service of Orders</u>**.  Orders entered on the docket of these Cases need not be served by the drafting party on any entity.

(i)     **<u>Service via the CM/ECF System</u>**.  Service of any Court Filing effected through the Court's CM/ECF System is sufficient service for all purposes upon any entity that is a "registrant," as defined in the CM/ECF Procedures.

(j)     **<u>Service by E-Mail</u>**.  Except for service effected through the Court's CM/ECF System, (i) only the Debtors and the Claims & Noticing Agent may serve Court Filings by e-mail and (ii) service by e-mail upon any entity that has not filed a proper No Electronic Mail Certification is sufficient for all purposes.

(k)     **<u>Paper Service Required</u>**.  Subject to Paragraph 15(d) of these Case Management Procedures, an entity, including the Debtors, that makes a Court Filing must serve a paper copy of such Court Filing upon any member of the 2002 List that has filed a proper No Electronic Mail Certification.  Such service may be effected, at the sole discretion of the entity effecting such service, by (i) first-class U.S. Mail, postage prepaid; (ii) overnight or hand delivery, or (iii) facsimile.

(*l*)     **<u>Certificates of Service</u>**.  Any party making a Court Filing shall file, or cause to be filed, a certificate of service no later than two (2) business days after making such filing, but, in all events, prior to any Applicable

16

Hearing. A certificate of service may be combined with the related Court Filing.

16.   **<u>Granting a Request for Relief Without a Hearing</u>**.

(a)   Provided that the Hearing Notice filed in connection with a Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely objection is made, after the Objection Deadline has passed and no Objection has been filed or served in accordance with these Case Management Procedures, counsel for the movant that has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the movant (the **"Certificate of No Objection"**). If a Certificate of No Objection is filed and served electronically through the Court's CM/ECF System, no other or further service of such Certificate of No Objection is required.

(b)   By filing a Certificate of No Objection, counsel for the movant represents to the Court that the movant is unaware of any objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

(c)   Upon receipt of the Certificate of No Objection, the Court may grant the Request for Relief without further hearing or Court Filings, and, after an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

      (d)     After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing, if the Court does not grant the Request for Relief before such Omnibus Hearing.

## C.    REQUESTS FOR RELIEF SEEKING TO MODIFY THE AUTOMATIC STAY UNDER BANKRUPTCY CODE § 362 OR FOR A DETERMINATION THAT THE AUTOMATIC STAY IS INAPPLICABLE

17.     Unless the Court orders otherwise, the following procedures apply to a Request for Relief seeking either (1) to lift the automatic stay imposed by Section 362 of the Bankruptcy Code or (2) a determination that the automatic stay does not apply (each, a "**Lift-Stay Motion**").

      (a)     If the Lift-Stay Motion is filed more than fourteen (14) days before the next Omnibus Hearing, the date of the movant's "request" (within the meaning of Section 362(e)(1) of the Bankruptcy Code) to modify the stay (or determine it to be inapplicable) with respect to such Lift-Stay Motion shall be the date of the next Omnibus Hearing.

      (b)     If a Lift Stay Motion is filed fourteen (14) or fewer days before the next Omnibus Hearing, the date of the movant's "request" (within the meaning of Section 362(e)(1) of the Bankruptcy Code) to modify the stay (or determine it to be inapplicable) with respect to such Lift-Stay Motion shall be the date of the Omnibus Hearing following the next Omnibus Hearing.

      (c)     Unless the Court orders otherwise, (i) the Objection Deadline applicable to any Lift-Stay Motion shall be the seventh (7th) calendar day prior to the Applicable Hearing and (ii) the deadline for filing any Reply shall be 12:00 noon Eastern Time on the first business day immediately before the Applicable Hearing.  A Reply is not mandatory.

(d)     If a duly scheduled Lift-Stay Motion is adjourned on the consent of the Debtors and the movant to a date at least thirty (30) days after the Lift-Stay Motion was filed with the Court, the movant shall be deemed to have consented to the continuation of the automatic stay pending a final hearing and determination under Section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under Section 362(e) of the Bankruptcy Code.

(e)     **Compliance with Emergency Hearing Procedures**.  ***Please be advised*** that a refusal to waive the requirements of Section 362(e) of the Bankruptcy Code will require the movant to comply with the Emergency Hearing provisions of Paragraph 5(a) of these Case Management Procedures.

(f)     **Evidentiary Hearing on a Lift-Stay Motion**.  If a hearing in connection with a Lift Stay Motion requires the presentation of evidence, the movant shall inform the Court and counsel for the Debtors, in writing, of any intention to present evidence, the manner of presentation, the number of potential witnesses, and the expected length of such presentation, no later than three (3) business days prior to the date of the Applicable Hearing.

## D.     RIGHT TO REQUEST SPECIAL NOTICE PROCEDURES

18.     Nothing herein shall prejudice: (a) the right of any entity to seek an order of the Court further limiting or expanding notice of Requests for Relief upon a showing of cause or (b) the right of any entity to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c), respectively.

**E.     COMPUTATION OF TIME**

19.     Except as otherwise provided in these Case Management Procedures, Bankruptcy Rule 9006 shall be used to compute any period of time prescribed or allowed by these Case Management Procedures.

**F.     AUTOMATIC EXTENSION OF CERTAIN PERIODS**

20.     If a Request for Relief that seeks to extend the time period within which an action must be taken is filed prior to the expiration of such time period, the time to so act shall automatically be extended until the Court considers and rules upon such Request for Relief, without the necessity for the entry of an "interim" or "bridge" order extending such period until such time as the Court can consider and rule upon such Request for Relief.