UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTTY'S HOLDINGS, LLC, | ) | Case No. 18-09243-JJG-11 |
| | ) | JOINTLY ADMINISTERED |
| Debtor(s). [1], | ) | |

**APPLICATION OF JEFFERSON PLAZA, LLC
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
AGAINST DEBTOR SCOTTY'S BREWHOUSE DOWNTOWN, LLC PURSUANT TO
11 U.S.C. §§ 365(d)(3) and 503(b)(1)**

Jefferson Plaza, LLC (the "Landlord"), by and through its undersigned counsel, files this application for the allowance and payment of an administrative expense claim against Debtor Scotty's Brewhouse Downtown, LLC (the "Application"), pursuant to §§ 365(d)(3) and 503(b)(1) of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), related to rent owed to the Landlord under a rejected lease, for the post-petition, pre-rejection time period.

In support of this Application, the Landlord respectfully states as follows:

**JURISDICTION AND APPLICABLE STATUTES**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11 (the "Lead Case"); A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scott's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's

4.     The statutory predicates for the relief sought by this Application are Bankruptcy Code §§ 105, 365, 503, and 507.

## BACKGROUND

**A.     The Lease.**

5.     The Landlord is the owner of that certain commercial real property located at 1 Virginia Avenue, Indianapolis, Indiana 46204 at which debtor, Scotty's Brewhouse Downtown Indianapolis, Inc. f/k/a Scotty's Brewhouse Downtown Indianapolis, LLC, (the "Debtor") leased space (the "Leased Premises") under the terms of that certain Lease dated June 7, 2008, as amended (copies of the Lease and Addendum to Lease (together, the "Lease") are attached hereto as **Exhibit "A"**).

6.     Pursuant to the terms of the Lease, Section 4.01, the Debtor agreed to make monthly rent payments to the Landlord by the first day of each month (the "Rent").

7.     Co-Debtors, Scotty's Brewhouse, Inc. f/k/a Scotty's Brewhouse, LLC;  Scotty's Brewhouse Bloomington, Inc. f/k/a Scotty's Brewhouse Bloomington LLC; Scotty's Brewhouse West Lafayette, Inc. f/k/a Scotty's Brewhouse West Lafayette, LLC; and Scotty's Indianapolis, Inc. f/k/a Scotty's Indianapolis, LLC ("Co-Debtors") guaranteed all debts and liabilities under the Lease.   A copy of the Guaranty is attached hereto as **Exhibit "B"**.

8.     The Debtor defaulted by failing to pay Rent when due.   As a result, the Landlord sent the Debtor and Co-Debtors notice of late rent (the "Late Rent Letters"). A copy of the Late Rent Letters is attached hereto as **Exhibit "C".**

---

Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

**B.      The Bankruptcy Case.**

9.      On December 11, 2018 (the "Petition Date"), the Debtor and Co-Debtors, along with other related parties, filed in this Court their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10.     On January 18, 2019, the Court entered an Order [Docket No. 157], which, among other things, (i) rejected the Lease and (ii) lifted the automatic stay for purposes of Lease termination.

11.     The Lease was rejected on January 31, 2019 (the "Rejection Date"), resulting in three relevant time periods for purposes of the Landlord's claims against the estate: (1) the pre-Petition Date period; (2) the post-Petition Date, pre-Rejection Date period; and (3) the post-Rejection Date period.

12.     The Landlord has filed a proof of claim for all three relevant time periods.

13.     However, this Application presently concerns only the Landlord's claim for Lease obligations owed for the post-Petition Date, pre-Rejection Date period ("Stub Rent Claim").  Landlord's Stub Rent Claim Proof of Claim with attachments is attached hereto as **Exhibit "D".**

**C.      The Landlord's Administrative Expense Claim.**

14.     The Landlord has incurred damages totaling **$48,449.90** for 20 days of Stub Rent (the "Lease Obligations").

15.     The Landlord has not received payment of the Lease Obligations.

3

## RELIEF REQUESTED

16.     The Landlord respectfully requests entry of an order allowing and directing that the Debtor pay the Lease Obligations due and owing under the Lease pursuant to Bankruptcy Code §§ 365(d)(3) and 503(b)(1).

## BASIS FOR RELIEF REQUESTED

**A.     Bankruptcy Code § 365(d)(3).**

17.     Bankruptcy Code § 365(d)(3) provides, in relevant part, that:

> The trustee shall timely perform all the obligations of the debtor... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title ....

18.     In the 7th Circuit, "obligations under an unexpired lease that arise after an order for relief is entered permitting the bankruptcy case to proceed (commonly referred to as arising 'postpetition'), and prior to rejection of the lease ('prerejection'), are to be timely fulfilled under the terms of the lease." *HA-LO Indus. v. Center Point Props. Tr.,* 342 F.3d 794, 798 (7th Cir. 2003).

19.     As the 7th Circuit has held, the policy behind Bankruptcy Code § 365(d)(3) is "to relieve landlords of the uncertainty of collecting rent fixed in the lease `in full, promptly, and without legal expense' during the awkward post-petition prerejection period." *Id.* at 799 (citation omitted).

20.     Just as in *HA-LO Industries,* the Lease Obligations arose under the Lease between the Petition Date and the Rejection Date. However, the Debtor has not paid those amounts as they came due.

4

21.     This Court has held that landlords may assert claims for "stub rent" under Bankruptcy Code §§ 365(d)(3) and 503(b)(1) of the Bankruptcy Code. *See, e.g., In re Trinat Health Care, Inc.,* No. 02-06360-JKC-11, 2002 Bankr. LEXIS 1900, at *10 (U.S. Bankr. S.D. Ind. June 5, 2002) (entering order compelling immediate payment of prorated rent owed for post-petition period of month following petition date). As the court in *Trinat Health Care* noted, "the proper focus of the Court's § 365(d)(3) inquiry is on when the services in question are rendered to and benefit the estate, not the date when the debtor is first billed for them." *Id.*

22.     The Debtor here, like the debtor in *Trinat Health Care,* filed its bankruptcy petition midway through the month. The *Trinat Health Care* court awarded the landlord the immediate payment of rent for the period from the petition date to the end of the month.

23.     Here, the Landlord is entitled to allowance and payment of all the Lease Obligations that arose under the Lease between the Petition Date and the Rejection Date, pursuant to Bankruptcy Code§ 365(d)(3).

**B.     Bankruptcy Code § 503(b)(1).**

24.     Alternatively, Bankruptcy Code § 503(b)(1)(A) provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including... the actual, necessary costs and expenses of preserving the estate...

25.     The Lease Obligations have preserved the Debtor's estate for the benefit of all creditors and parties in interest. Specifically, from the Petition Date through the Rejection Date, the Landlord, among other things: (i) safeguarded sensitive business records of the Debtor; (ii) allowed the Debtor's professionals to access the Leased Premises to value the personal property and remove the Debtor's sensitive business records; and (iii) preserved the estate's personal property on the premises.

26.     The foregoing benefitted the estate to the detriment of the Landlord due to the estate's failure to pay the Lease Obligations.

27.     Accordingly, while the Landlord is entitled to recover the Lease Obligations under the express authority of § 365(d)(3) "notwithstanding section 503(b)(1) ...," the Landlord is also entitled under § 503(b)(1) to recover these amounts.

WHEREFORE, the Landlord respectfully requests the entry of an Order: (a) allowing an administrative expense claim in favor of the Landlord in the amount of the Lease Obligations (**$48,449.90);** (b) directing the payment of such claim by the Trustee; and (c) granting such further relief as the Court deems just and proper.

RILEY BENNETT EGLOFF LLP


*/s/ Anthony R. Jost*
Anthony R. Jost (Bar No. 17394-53)
141 E. Washington Street, Fourth Floor
Indianapolis, Indiana 46204
Telephone:     (317) 636-8000
Facsimile:     (317) 636-8027
Email:          tjost@rbelaw.com

Attorneys for Creditor,
Jefferson Plaza, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2019, a copy of the foregoing *Application of Jefferson Plaza, LLC for Allowance and Payment of Administrative Expense Claim Against Debtor Scotty's Brewhouse Downtown, LLC Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)* was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/Parties may access this filing through the Court's system.

| | |
|---|---|
| John Joseph Allman | jallman@hbkfirm.com, dadams@hbkfirm.com |
| Kay Dee Baird | kbaird@kdlegal.com, rhobdy@kdlegal.com crbpgpleadings@kdlegal.com |
| Daniel D. Bobilya | dan@b-blegal.com, sarah@b-blegal.com |
| Jason R Burke | jburke@bbrlawpc.com, kellis@bbrlawpc.com |
| John Cannizzaro | john.cannizzaro@icemiller.com Deborah.Martin@icemiller.com |
| Deborah Caruso | dcaruso@rubin-levin.net, dwright@rubin-levin.net jkrichbaum@rubin-levin.net, atty_dcaruso@bluestylus.com |
| Christopher Combest | ccombest@quarles.com, fbf@quarles.com |
| E. Davis Coots | dcoots@chwlaw.com, akiefer@chwlaw.com COHara@chwlaw.com, CCurley@chwlaw.com KCarlisle@chwlaw.com |
| Aaron E. Davis | Aaron.Davis@bclplaw.com, kathryn.farris@bclplaw.com, chdocketing@bclplaw.com |
| Lucy Renee Dollens | lucy.dollens@quarles.com, paul.sanders@quarles.com;DocketIN@quarles.com, kelly.webster@quarles.com |
| Mary Jean Fassett | mjf@mccarronlaw.com |
| Isaac M Gabriel | isaac.gabriel@quarles.com, sybil.aytch@quarles.com; kelly.webster@quarles.com, elizabeth.fella@quarles.com |
| Craig Solomon Ganz | ganzc@ballardspahr.com |
| Christopher C Hagenow | chagenow@bbrlawpc.com, kellis@bbrlawpc.com |
| Jeffrey M. Hester | jhester@hbkfirm.com, mhetser@hbkfirm.com |
| Jeffrey A Hokanson | jeff.hokanson@icemiller.com, Kathy.peed@icemiller.com |
| John R. Humphrey | jhumphrey@taftlaw.com, aolave@taftlaw.com |
| Frederick Hyman | fhyman@mayerbrown.com |
| Brent E. Inabnit | brenti@sni-law.com, joshv@sni-law.com |
| Anthony R. Jost | tjost@rbelaw.com, baldous@rbelaw.com, tbutton@rbelaw.com |
| Jay Pearson Kennedy | jkennedy@kgrlaw.com tfroelich@kgrlaw.com;srosner@kgrlaw.com |

|  | jli@kgrlaw.com |
| Steven M. Lutz | Lutz@cchalaw.com |
| John Michael Mead | jmead@indylegal.net, kbonstead@indylegal.net |
| Harley K Means | hkm@kgrlaw.com |
|  | kwhigham@kgrlaw.com;cjs@kgrlaw.com;tjf@kgrlaw.com |
| Ronald J. Moore | Ronald.Moore@usdoj.gov |
| C Daniel Motsinger | cmotsinger@kdlegal.com, cmotsinger@kdlegal.com |
|  | crbpgpleadings@kdlegal.com;shammersley@kdlegal.com |
| Kenneth D. Peters | kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com |
| Amanda Koziura Quick | amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov |
| Harrison Edward Strauss | harrison.strauss@usdoj.gov |
|  | Lora.L.Hurlbert@USDOJ.GOV |
| Meredith R. Theisen | mtheisen@rubin-levin.net, |
|  | atty_mtheisen@bluestylus.com;mralph@rubin-levin.net |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |

*/s/ Anthony R. Jost*

Anthony R. Jost