## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: ) | | Chapter 11 |
| ) | | |
| SCOTTY'S HOLDINGS, LLC,[1] ) | | Case No. 18-09243-JJG-11 |
| ) | | |
| Debtor(s). ) | | (Jointly Administered) |
| ) | | |

### LIMITED OBJECTION TO DEBTORS' OMNIBUS MOTION (SECOND) FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365

Creditor Precedent Countryside Acquisitions, LLC ("Precedent") hereby responds to the Debtors' Omnibus Motion (Second) for Entry of an Order Authorizing and Approving the Rejection of Certain Unexpired Leases and Executory Contracts pursuant to 11 U.S.C. § 365 (the "Motion") as follows:

1. Precedent is the landlord for Debtor Scotty's Indianapolis LLC ("Debtor") pursuant to an unexpired lease agreement dated April 7, 2006, as amended (the "Lease Agreement"), a copy of which is attached to Precedent's proof of claim, between the Debtor and PP Indianapolis III Project Corporation, Precedent's predecessor in interest, for real property located at 3905 E. 96th Street, Indianapolis, Indiana. Under the Lease Agreement, Debtor is obligated to make ongoing rent payments to Precedent for Debtor's occupancy and use of the premises.

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11; A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scott's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

2. In the Motion, the Debtors ask the Court to set April 24, 2019 as the effective rejection date of the Lease Agreement. Exhibit B to Motion. They further ask that any personal property remaining at the premises be deemed abandoned ". . . without waiver of any claim the relevant landlord may have against the Debtors for the disposal of personal property so abandoned under the Code." Motion at ¶ 18.

3. Precedent does not have any objection to the rejection of the Lease Agreement.

4. Precedent does however object to the proposed treatment of personal property in that it unfairly shifts the Debtor's obligation under the Lease to surrender the premises in a broom clean, well maintained condition, free of Debtor's property. See Section 16.1 of the Lease Agreement. Debtor's offer of a claim against the estate for the costs incurred by Precedent in performing the Debtor's obligations is illusory in that so far this case has provided no glimmer of hope for a meaningful payment to any creditors holding claims of any classification.

5. Further, although the Debtor proposes a rejection date of April 24, 2019, the Debtor is still in possession of the premises. The only apparent actions taken by the Debtor towards vacating the premises is a statement by the Debtor's representative, Mr. Yamazaki, to Precedent that he will be providing a list of items the Debtor will seek to retain, suggesting that the Debtor may not vacate the premises before the proposed rejection date of April 24, 2019. Precedent therefore objects to the Motion to the extent it permits the Debtor to occupy the premises or use the premises to store its property after the effective date of rejection.

6. Precedent further objects to the Motion to the extent it may try to limit any administrative claim Precedent is entitled to assert by virtue of Debtor's continued occupancy or use. The Motion only reserves Precedent's claim for disposal of personal

property. If Debtor fails to vacate the premises, Precedent would be entitled to assert an administrative claim for Debtor's occupancy or use.

7. Any order granting the Motion should include language stating that (a) the effective date shall be the later of April 24, 2019 or the date upon which Debtor fully vacates the premises in accordance with the requirements set forth in the Lease Agreement, and/or (b) that the entry of the order is without prejudice to Precedent's right to assert an administrative claim.

WHEREFORE, Precedent objects to the Debtors' Motion and requests the relief proposed in paragraphs 6 and 7 hereof, or their equivalent, and for all other relief appropriate under the circumstances.

Respectfully submitted,

/s/ John C. Cannizzaro
**ICE MILLER LLP**
John C. Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215-7509
Telephone: (614) 462-1070
john.cannizzaro@icemiller.com

Jeffrey A. Hokanson
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
jeff.hokanson@icemiller.com

*Counsel for Precedent Countryside Acquisitions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- John Joseph Allman    jallman@hbkfirm.com, dadams@hbkfirm.com
- Kay Dee Baird    kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
- Daniel D. Bobilya    dan@b-blegal.com, sarah@b-blegal.com
- Jason R Burke    jburke@bbrlawpc.com, kellis@bbrlawpc.com
- John Cannizzaro    john.cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com
- Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
- Christopher Combest    ccombest@quarles.com, fbf@quarles.com
- E. Davis Coots    dcoots@chwlaw.com, akiefer@chwlaw.com;COHara@chwlaw.com;CCurley@chwlaw.com;KCarlisle@chwlaw.com
- Aaron E. Davis    Aaron.Davis@bclplaw.com, kathryn.farris@bclplaw.com;chdocketing@bclplaw.com
- Lucy Renee Dollens    lucy.dollens@quarles.com, paul.sanders@quarles.com;DocketIN@quarles.com;kelly.webster@quarles.com
- Mary Jean Fassett    mjf@mccarronlaw.com
- Isaac M Gabriel    isaac.gabriel@quarles.com, sybil.aytch@quarles.com;kelly.webster@quarles.com;elizabeth.fella@quarles.com
- Craig Solomon Ganz    ganzc@ballardspahr.com
- Christopher C Hagenow    chagenow@bbrlawpc.com, kellis@bbrlawpc.com
- Jeffrey M. Hester    jhester@hbkfirm.com, mhetser@hbkfirm.com
- Jeffrey A Hokanson    jeff.hokanson@icemiller.com, bgnotices@icemiller.com
- John R. Humphrey    jhumphrey@taftlaw.com, aolave@taftlaw.com
- Frederick Hyman    fhyman@mayerbrown.com
- Brent E. Inabnit    brenti@sni-law.com, joshv@sni-law.com
- Anthony R. Jost    tjost@rbelaw.com, baldous@rbelaw.com
- Jay Pearson Kennedy    jkennedy@kgrlaw.com, ncarson@kgrlaw.com
- Steven M. Lutz    Lutz@cchalaw.com
- Jean Sutton Martin    jeanmartin@forthepeople.com, nslattery@forthepeople.com
- John Michael Mead    jmead@indylegal.net, kbonstead@indylegal.net
- Harley K Means    hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com
- Ronald J. Moore    Ronald.Moore@usdoj.gov
- C Daniel Motsinger    cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;shammersley@kdlegal.com
- Kenneth Darryl Peters    kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
- Harrison Edward Strauss    harrison.strauss@usdoj.gov, Lora.L.Hurlbert@USDOJ.GOV
- Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
- U.S. Trustee    ustpregion10.in.ecf@usdoj.govv

*/s/ John C. Cannizzaro*
John C. Cannizzaro