**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-09243-JJG-11 |
| SCOTTY'S HOLDINGS, LLC, ) | |
| ) | (Jointly Administered) |
| ) | |
| Debtor(s).[1] ) | |

**DEBTOR'S OBJECTION TO *APPLICATION OF JEFFERSON PLAZA, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AGAINST DEBTOR SCOTTY'S BREWHOUSE DOWNTOWN, LLC PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)* [DKT. NO. 266]**

Scotty's Brewhouse Downtown Indianapolis, LLC ("**Scotty's Downtown**"), a debtor and debtor in possession in the above-captioned Chapter 11 cases (the "**Cases**"), hereby objects to the *Application of Jefferson Plaza, LLC for Allowance and Payment of Administrative Expense Claim Against Debtor Scotty's Brewhouse Downtown, LLC Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)* (the "**Application**"), filed by Jefferson Plaza, LLC ("**Jefferson Plaza**") on April 9, 2019 [Dkt. No. 266]. Scotty's Downtown objects to the Application because it improperly seeks late fees, interest, and attorneys' fees in connection with Jefferson Plaza's stub rent claim.

**I.      BACKGROUND**

1.      On December 11, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Cases.

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11; A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scotty's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, LLC, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

2. Each of the Debtors, other than Scotty's Holdings, LLC and A Pots & Pans Production, LLC now owns, or owned prepetition, a "Scotty's Brewhouse" bar and restaurant location, a 22-year old craft beer/sports bar restaurant concept, or a "Thr3e Wise Men Brewing Company" restaurant and bar.[2]

### Rejection of the Jefferson Plaza Lease

3. On December 12, 2018, the Debtors filed their *First Day Motion for Entry of an Order Authorizing and Approving the Rejection of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. Section 365* [Dkt. No. 20] (the "**Lease Rejection Motion**").

4. The Lease Rejection Motion sought the entry of an order authorizing the rejection of certain leases in locations the Debtors intended to close, including the location leased and operated by Scotty's Downtown (the "**Downtown Location**").

5. In connection with the Downtown Location, the Debtors sought an order authorizing the rejection of the *Lease* dated June 27, 2008 with Jefferson Plaza, for the space located at 1 Virginia Avenue, Indianapolis, Indiana 46204 (the "**Lease**"), effective no later than December 31, 2018.

6. The Lease provides that monthly rent payments are to be made from Scotty's Downtown to Jefferson Plaza on the first day of each month (the "**Monthly Rent Payments**"), and a late fee is assessed if rent is paid more than 5 days late.

7. On January 2, 2019, the Court entered its *Interim Order Authorizing and Approving Rejection of Certain Executory Contracts and Unexpired Leases* [Dkt. No. 97] (the "**Interim Order**"). The Interim Order authorized the Debtors to reject the Lease, "effective as

---

[2] Scotty's Thr3e Wise Men Brewing Company, LLC is the only Debtor that operates a restaurant/bar under the sister brand name "Thr3e Wise Men Brewing Company."

of the earlier of (a) December 31, 2018, or (b) the date the relevant premises is surrendered to the lessor."

8. The Downtown Location ceased operations on or about December 18, 2018. Representatives of Jefferson Plaza changed the locks to the Downtown Location on December 19, 2018. Thereafter, Scotty's Downtown had limited access to the Downtown Location for the purpose of allowing Huntington Bank to inspect and inventory its collateral and to allow certain equipment lessors to remove personal property. Upon information and belief, such coordination typically took place directly with Jefferson Plaza.

9. On January 18, 2019, the Court entered its *Final Order Authorizing and Approving Rejection of Certain Executory Contracts and Unexpired Leases* [Dkt. No. 147] (the "**Final Rejection Order**"). The Final Rejection Order confirmed that the Lease was rejected as of December 31, 2018 (the "**Rejection Date**").

**Jefferson Plaza's Application for an Administrative Claim**

10. On April 9, 2019, Jefferson Plaza filed the Application, which purports to concern only Jefferson Plaza's "claim for Lease obligations owed for the post-Petition Date, pre-Rejection Date period"—i.e., the stub rent period running from December 11, 2018 through December 31, 2018 (the "**Stub Rent Period**"). The Application asserts that Jefferson Plaza has incurred damages of $48,449.90 for the twenty-day Stub Rent Period, and requests that the Court enter an order allowing Jefferson Plaza an administrative expense claim in the amount of the full $48,449.90 (the "**Requested Claim Amount**").[3]

---

[3] In the body of the Application, Jefferson Plaza states that it is due through "January 31, 2019." Presumably, this is a typo given that the Interim Order and Final Rejection Order both provide for a rejection date no later than December 31, 2018.

11. The Application breaks down the $48,449.90 amount as follows: (i) $23,910.44 for rent; (ii) $1,655.11 in CAM; (iii) $2,556.55 in late fees; (iv) $2,816.80 in interest; and (v) $17,511.00 in attorneys' fees and costs.

## II. ARGUMENT

In its Application, Jefferson Plaza asserts that it is entitled to recover the full Requested Claim Amount based on both Bankruptcy Code §§ 365(d)(3) and 503(b). The Debtor asserts section 365(d)(3) does not apply to a stub rent claim. Further, Jefferson Plaza cannot demonstrate a benefit to the estate for the entire Stub Rent Period it is attempting to collect rent for given the changing of the locks on December 19, 2018. Finally, Jefferson Plaza is not entitled to recover its alleged interest, late fees, or attorneys' fees as part of a stub rent claim under section 503(b) (or any other legal theory). Accordingly, Jefferson Plaza should not be entitled to an administrative expense claim in its full Requested Claim Amount. Instead, Jefferson Plaza's administrative expense claim should be allowed only in the limited amount of $8,947.94, as further explained herein.

### A. *Section 365(d)(3) Does Not Permit Jefferson Plaza to Recover the Requested Claim Amount.*

Section 365(d)(3) provides, in relevant part, that "the trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ."

To support its claim under section 365(d)(3), Jefferson Plaza cites to *HA-LO Industries v. CenterPoint Properties Trust*, 342 F.3d 794 (7th Cir. 2003). However, *HA-LO* is inapposite in this case. In *HA-LO*, HA-LO filed a voluntary petition under Chapter 11, and sought authority to reject its lease with CenterPoint upon 30 days written notice to CenterPoint. *Id.* at 796. The court granted HA-LO the authority to reject its lease, and post-petition on October 3, 2001, HA-

LO informed CenterPoint that it would vacate the property, and reject the lease, effective as of November 2, 2001. *Id.* On November 1, HA-LO paid CenterPoint prorated rent, representing the rent for the days of November that HA-LO planned to occupy the property. *Id.* at 797. CenterPoint demanded that HA-LO pay the remainder of the entire month of November rent, and HA-LO refused. *Id.* CenterPoint then filed an administrative rent claim, and sought an order to compel HA-LO to pay the entire November rent pursuant to section 365(d)(3). *Id.* The bankruptcy court granted CenterPoint's motion, and HA-LO appealed. *Id.* The district court affirmed the bankruptcy court's order, and HA-LO appealed to the Seventh Circuit. *Id.*

The Seventh Circuit noted that HA-LO's obligation to pay rent to CenterPoint was governed by both section 365(d)(3) and the terms of the lease. *Id.* at 798. The court additionally clarified that section 365 governs lease obligations of the debtor that arise "postpetition" but "prerejection," and provides that such obligations "are to be timely fulfilled under the terms of the lease." *Id.* HA-LO's lease provided that rent was payable on the first day of the month—thus, the November 2001 rent was due and payable in full as of November 1, 2001—before HA-LO effected its rejection of the lease. *Id.* Accordingly, the Seventh Circuit held that, under section 365(d)(3) and the lease, HA-LO was "obligated to pay the entire November 2001 rent on November 1", even though the lease was rejected within the first week of November. *Id.*

The *HA-LO* case does not support Jefferson Plaza's application for an administrative claim under section 365(d)(3) in this case. Here, the Debtor's monthly rent payment was due on December 1, 2018 (*i.e.*, prepetition). The Debtor filed its bankruptcy case on December 11, 2018. Accordingly, following (1) the language of section 365(d)(3), (2) the Lease, and (3) the Seventh Circuit's reasoning in *HA-LO*, the monthly rent obligation under the Lease did not arise postpetition, and is not entitled to payment under section 365(d)(3).

The Debtor's position is supported by the holding in *In re UAL Corp.*, 291 B.R. 121 (Bankr. N.D.Ill. 2003). In *UAL Corp.*, the court held, "the plain language of §365(d)(3), its legislative history, and its context, all indicate that the requirement of 'timely' performance cannot apply to a payment obligation that became due *before* the bankruptcy case was filed." *Id.* at 126 (emphasis added). Like the *UAL Corp.* case, in our case, all rent and other late charges due under the Lease were due and payable prior to the Petition Date. Thus, section 365(d)(3) does not apply to the stub rent claim, and cannot be a basis to grant an administrative claim to Jefferson Plaza, whether for rent, late fees, interest (to the extent required under the Lease) or attorneys' fees.

> **B.  *Jefferson Plaza Cannot Demonstrate a Benefit to the Debtor's Estate Necessary to Recover the Requested Claim Amount Under Section 503(b).***

Because Bankruptcy Code § 365(d)(3) does not apply, Jefferson Plaza can only assert an administrative claim under Bankruptcy Code § 503(b), which defines administrative expenses as "[t]he actual, necessary costs and expenses of preserving the estate." The Seventh Circuit has clarified that "the policy underlying the provisions of section 503 is to assure priority payment of those post-petition creditors servicing the debtor; otherwise the debtor would be left with no hope of reorganization." *In re Joseph C. Spiess Co.*, 145 B.R. 597, 603 n.4 (Bankr. N.D. Ill. 1992), citing *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984). Accordingly, a claim is only permitted "under section 503 if the debt both (1) arises from a transaction with the debtor-in-possession and (2) is beneficial to the debtor-in-possession." *In re Jartran*, 732 F.2d at 586 (internal quotations and citation omitted).

In *UAL Corp.*, the court emphasized this point, writing,

> prior to the enactment of §365(d)(3), the accepted practice was to allow an administrative claim under §503 for rent relating to any period in which the rental property was occupied by the debtor, regardless of

> when the rent was payable … [thus] administrative claim status under §503 would still be available to the debtor *to the extent that the use of the rental property benefited the estate*.

*In re UAL Corp.*, 291 B.R. at 127 (emphasis added). The claimant of an administrative expenses under section 503(b) has the burden of proving a benefit to the estate, and "must demonstrate that the benefit is more than a speculative or potential benefit," and that it is "an actual, concrete benefit for the estate." *In re Kmart Corp.*, 293 B.R. 905, 909 (Bankr. N.D. Ill. 2003).

In this case, the Downtown Location closed within one week of the Petition Date. The Debtor vacated the Downtown Location on December 18, 2018, and Jefferson Plaza changed the locks on December 19, 2018. The only use of the Downtown Location thereafter related to Huntington Bank's access to appraise its equipment at the leased premises, for the purpose of a possible sale of the equipment (and the Debtor's liquor license) to Jefferson Plaza—a benefit to Jefferson Plaza and Huntington Bank, not the estate. Further, no sale to Jefferson Plaza ever materialized, so no benefit was conferred on the Debtor's estate for the period from December 18, 2018 (when the Debtor vacated the premises) and December 31, 2018 (the Effective Rejection Date). Jefferson Plaza has not met its burden of demonstrating that the estate received any benefit from December 19, 2018 through December 31, 2018.

Accordingly, Jefferson Plaza should (i) only be permitted an administrative expense claim for the eight postpetition days—December 11, 2018 through December 18, 2018—during which the Debtor was occupying the Downtown Location, and thus receiving a benefit, and (ii) should not be permitted to charge late fees, interest, or attorneys' fees in connection with its administrative expense claim. The pro-rated rent for eight days is no more than $9,108.74 and the pro-rated CAMs for eight days is no more than $630.52.

### C. The Application Impermissibly Seeks Late Fees, Interest, and Attorneys' Fees and Costs as Part of the Administrative Expense Claim.

In its application, Jefferson Plaza's calculation of its administrative expense claim for the rent that accrued during the Stub Rent Period includes late fees, interest, and over $17,000.00 in attorneys' fees and costs—none of which Jefferson Plaza is permitted to charge in connection with a postpetition rent claim.

First, the Lease provides that any late fee thereunder is chargeable five days after the Monthly Rent Payment is due (*i.e.*, on the 6th of any given month). Thus, in the case of the Stub Rent Period, any late fee would have accrued prepetition (on December 6, 2018). Therefore, any late fee is not subject to an administrative expense claim by Jefferson Plaza (and would not constitute an "actual, necessary cost and expense of preserving the estate" as required by Bankruptcy Code § 503(b) in any event).

Next, the Application seeks to charge both interest $2,816.80 in interest and $17,511.00 in attorneys' fees and costs in connection with its administrative claim for post-petition rent. Jefferson Plaza cites no authority for its assertion that interest or attorneys' fees are chargeable in connection with a stub rent claim—or any postpetition rent claim for that matter. Jefferson Plaza certainly has not demonstrated that the attorneys' fees or interest constituted an "actual, necessary cost and expense of preserving the estate" as required by Bankruptcy Code § 503(b). Accordingly, any administrative claim of Jefferson Plaza's cannot include the interest and attorneys' fees charges in connection.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (A) limiting Jefferson Plaza's administrative expense claim for stub rent to the period from December 11, 2018 through December 18, 2018, for the amount of $9,108.74 of rent plus

$630.52 for CAM charges; and (B) granting such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of April, 2019.

QUARLES & BRADY LLP

By: /s/ *Isaac M. Gabriel*
Isaac M. Gabriel (AZ Bar No. 021780)
Admitted *Pro Hac Vice*
Christopher Combest (IL ARDC No. 06224701)
Admitted *Pro Hac Vice*
135 N. Pennsylvania St., Suite 2400
Indianapolis, Indiana 46204
Telephone: (317) 957-5000
Facsimile: (317) 957-5010
isaac.gabriel@quarles.com
christopher.combest@quarles.com
*Special Counsel for Debtors*

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, a copy of the foregoing *Debtor's Objection to the Application of Jefferson Plaza, LLC for Allowance and Payment of Administrative Expense Claim Against Debtor Scotty's Brewhouse Downtown, LLC Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) [Dkt. No. 266]* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Harrison E. Strauss | harrison.strauss@usdoj.gov; lora.l.hurlbert@usdoj.gov |
| Ronald J. Moore | ronald.moore@usdoj.gov |
| John J. Allman | jallman@hbkfirm.com; dadams@hbkfirm.com |
| Jason R. Burke | jburke@bbrlawpc.com; kellis@bbrlawpc.com |
| Christopher C. Hagenow | chagenow@bbrlaw.com; kellis@bbrlawpc.com |
| Aaron E. Davis | aaron.davis@bclplaw.com; kathryn.farris@bclplaw.com; chdocketing@bclplaw.com |
| Anthony J. Jost | tjost@rbelaw.com; baldous@rbelaw.com; tbutton@rbelaw.com |
| Harley K. Means | hkm@kgrlaw.com; kwhigham@kgrlaw.com; cjs@kgrlaw.com; tjf@kgrlaw.com |
| Jay P. Kennedy | jkennedy@kgrlaw.com; tfroelich@kgrlaw.com; srosner@kgrlaw.com; jli@kgrlaw.com |
| Craig S. Ganz | ganzc@ballardspahr.com |
| John R. Humphrey | jhumphrey@taftlaw.com; aolave@taftlaw.com |
| Meredith R. Theisen | mtheisen@rubin-levin.net; atty_mtheisen@bluestylus.com; mralph@rubin-levin.com |
| Deborah Caruso | dcaruso@rubin-levin.com; dwright@rubin-levin.com; jkrichbaum@rubin-levin.com; atty_dcaruso@bluestylus.com |
| John M. Mead | jmead@indylegal.net; cweaver@indylegal.net |
| Jeffrey A. Hokanson | jeff.hokanson@icemiller.com; kathy.peed@icemiller.com |
| John Cannizzaro | john.cannizzaro@icemiller.com; deborah.martin@icemiller.com |
| Amanda K. Quick | amanda.quick@atg.in.gov; darlene.greenley@atg.in.gov |
| Mary J. Fassett | mjf@mccarronlaw.com |
| Frederick Hyman | fhyman@mayerbrown.com |
| Jeffrey M. Hester | jhester@hbkfirm.com; mhetser@hbkfirm.com |
| Steven M. Lutz | lutz@cchalaw.com |
| Daniel D. Bobilya | dan@b-blegal.com; lauras@b-blegal.com |
| Brent E. Inabnit | brenti@sni-law.com |
| E. Davis Coots | dcoots@chwlaw.com |
| Kay Dee Baird | kbaird@kdlegal.com; rhobdy@kdlegal.com; crbpgpleadings@kdlegal.com |
| C. Daniel Motsinger | cmotsinger@kdlegal.com; crbpgpleadings@kdlegal.com; shammersley@kdlegal.com |

| | |
|---|---|
| Kenneth D. Peters | kpeters@dresslerpeters.com, |
| | rmccandless@dresslerpeters.com |
| Jean S. Martin | jeanmartin@forthepeople.com |

/s/  *Isaac M. Gabriel*
Isaac M. Gabriel